NOT DESIGNATED FOR PUBLICATION

No. 122,027

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EARNEST L. TAYLOR,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed March 12, 2021. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney at Law, of Lawrence, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE and WARNER, JJ.

PER CURIAM: This case returns to this court after a remand for consideration of the merits of Earnest L. Taylor's claim of ineffective assistance of counsel. Taylor, who was convicted in 2007 of multiple crimes and sentenced to nearly 50 years in prison, asserted that his trial counsel failed to follow up on Taylor's request to enter into plea negotiations with the State. After an evidentiary hearing, the district court found that Taylor failed to show that counsel provided deficient representation or that the alleged failure prejudiced him, so the district court denied Taylor's K.S.A. 60-1507 motion. Under our standard of review, we affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

On September 4, 2006, Earnest Taylor choked his ex-girlfriend, Karen Bradley. Five days later, as Bradley was leaving her home with Timothy Smith, Taylor ran up and stabbed Bradley multiple times. Before running away, Taylor looked at Smith and told him he was next.

Based on these events, a jury convicted Taylor of one count of aggravated battery, one count of attempted first-degree murder, and one count of criminal threat, and the district court sentenced him to 586 months' imprisonment. In 2009, this court affirmed Taylor's convictions and sentences. *State v. Taylor*, No. 99,426, 2009 WL 929088, at *7 (Kan. App. 2009) (unpublished opinion) (*Taylor I*). Our Supreme Court denied review and the clerk of the appellate court issued the mandate on January 11, 2010.

Taylor filed three prior K.S.A. 60-1507 motions that we need not discuss here. On April 10, 2012, Taylor filed his fourth K.S.A. 60-1507 motion. Taylor challenged the sufficiency of the evidence supporting his attempted murder conviction and summarily asserted that his trial attorney had provided ineffective assistance of counsel. In a supplemental motion, Taylor set forth six claims of ineffective assistance of counsel. As relevant to this appeal, he argued that his trial counsel had failed to follow through with his request that counsel seek a plea on Taylor's behalf. Ultimately, the district court dismissed this claim without reaching the merits.

Taylor appealed, arguing among other things that the district court had erred by dismissing his plea-bargain-based claim of ineffective assistance of counsel. In an opinion issued on November 13, 2015, this court agreed and remanded the case to the district court to address the claim. *Taylor v. State*, No. 112,018, 2015 WL 7162096, at *9 (Kan. App. 2015) (unpublished opinion) (*Taylor II*). Taylor petitioned for review on other issues which our Supreme Court denied. After the mandate was issued, the parties

2

agreed that an evidentiary hearing was necessary to resolve Taylor's claim of ineffective assistance of counsel.

The district court held the evidentiary hearing on February 27, 2018 and heard testimony from Taylor and his trial counsel, Charles Steven Osburn. Taylor testified that at the "very beginning" of his criminal case, Osburn said that he would try to negotiate a plea deal under which Taylor would be sentenced to 10 years in prison. Taylor asked Osburn to negotiate a lower sentence, such as eight or nine years, but he testified that Osburn never talked to him about a plea deal again. Taylor also testified that during the trial, when he felt it was not going well, he asked Osburn if he could pursue a plea bargain, but Osburn "just kept going" and did not discuss plea bargaining with him again.

Osburn testified that he and Taylor discussed a 10-year plea deal before the trial but as he recalled, the State rejected that offer and wanted something much higher. When asked if he had discussed the counteroffer with Taylor, Osburn said, "I believe so, yes," and when asked if he remembered whether Taylor rejected the counteroffer, Osburn replied, "Well it had to have been, we went to trial." Osburn did not recall Taylor bringing up plea negotiations again during the trial, but he testified that had Taylor done so, he "would have approached the prosecutor to see what was available."

After hearing closing argument, the district judge ruled from the bench:

"Using the [*Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),] test, I don't find that Mr. Osburn's performance was deficient, and I don't find that Mr. Taylor was prejudiced by any alleged deficiencies of the performance. Mr. Osburn presented Mr. Taylor with the initial plea of approximately 10 years, and Mr. Taylor rejected that offer. He wanted eight to nine.
        "According to Mr. Taylor's testimony, during trial he then approached Mr. Osburn about a plea offer. According to his filings, Mr. Taylor stated it was back in the holding cell that he asked Mr. Osburn for a plea offer because he didn't think the trial was

3

going well. I don't find that there's evidence the State would have given him the offer he wanted, which his testimony today was once the trial started, nine to 10 years. There's no evidence the State would have given him that, they didn't give him that in the beginning.

"And I don't find there's any proof that he was prejudiced by the alleged deficiencies, which I don't find existed on Mr. Osburn's representation. Using the but for standard, I don't find that there's any evidence that the State would have given him a better offer, prior to what they gave him at trial, which Mr. Taylor rejected prior to that case going forward.

"So using both of those standards, the Court finds that Mr. Taylor has not established enough evidence to go forward and [*sic*] on his 1507. I will deny the requested relief."

On August 14, 2019, the district court filed a written journal entry denying Taylor's K.S.A. 60-1507 motion and incorporating by reference the reasons for denial as stated on the record at the hearing. Taylor timely appealed the district court's judgment.

DID THE DISTRICT COURT ERR BY DENYING TAYLOR'S K.S.A. 60-1507 MOTION?

On appeal, Taylor claims the district court erred by denying his K.S.A. 60-1507 motion after an evidentiary hearing. Taylor argues that the transcript of the remand hearing shows that he remembers the events surrounding plea negotiation before and during trial while Osburn did not remember the details. Taylor characterizes Osburn's testimony as speculative, incompetent conjecture, and he argues that substantial competent evidence did not support the district court's conclusions or its ultimate denial of his motion. Taylor also contends that the testimony established a reasonable probability that he did not receive a just result in his criminal case and that the results would have been different but for Osburn's failure to pursue plea negotiations.

"The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of counsel, and denial of the right can lead to reversal of a jury verdict. Courts consider whether a reversible denial of the right occurred by applying a

4

two-prong test stated by the United States Supreme Court in *Strickland*. A convicted defendant must first establish deficient performance by 'show[ing] that counsel's representation fell below an objective standard of reasonableness.' Then the defendant must show that the deficient performance prejudiced the defense.

"After a full evidentiary hearing about an ineffective assistance of counsel claim under K.S.A. 60-1507, an appellate court reviews a district court's findings of fact and conclusions of law under a mixed standard of review. The appellate court examines the record and determines whether substantial competent evidence supports the district court's factual findings and determines whether the court's factual findings support its conclusions of law. The appellate court then reviews the district court's conclusions of law de novo. [Citations omitted.]" *Balbirnie v. State*, 311 Kan. 893, 897-98, 468 P.3d 334 (2020).

The Sixth Amendment right to counsel, applicable to the states under the Fourteenth Amendment to the United States Constitution, "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012). In that case, the Court held:

"a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." 566 U.S. at 164.

The district court found that Osburn's performance as counsel was not constitutionally deficient. This finding was supported by substantial competent evidence presented at the hearing. Osburn testified that he took a 10-year plea deal to the prosecutor, but the State rejected the offer and wanted a much higher sentence. He testified that Taylor must have rejected the counteroffer because the parties went to trial. Osburn also testified that he did not recall Taylor renewing plea negotiations during the trial, but he stated that he would have approached the prosecutor about plea negotiations

5

had Taylor requested it. Although Taylor testified differently, we can presume the district court found Osburn's testimony to be more credible. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

Turning to the prejudice prong, *Strickland* instructs that courts "must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." 466 U.S. at 696. Even if Taylor had shown that Osburn failed to follow through with Taylor's request to seek a plea deal, Taylor's K.S.A. 60-1507 motion still would have failed because he offered no evidence to show that the State would have accepted the plea deal that Taylor wanted, either before or during the trial. Taylor's K.S.A. 60-1507 counsel admitted as much during closing argument, conceding, "Well, we can only speculate as to what would have happened. We don't have any testimony of whether or not the State would have [agreed to] a plea offer."

Taylor failed to establish any prejudice caused by his counsel's alleged failure to follow through with plea negotiations. Taylor's unsupported speculation that he and the State would have agreed to a plea deal is insufficient to show that if Osburn had followed through with plea negotiations, the outcome of Taylor's case "would reasonably likely have been different." *Strickland*, 466 U.S. at 696. Put differently, Taylor failed to show that but for the ineffective assistance of counsel, there is a reasonable probability that the parties would have reached a plea deal resulting in a sentence for Taylor that was less severe than the sentence that was imposed. *Lafler*, 566 U.S. at 164.

In sum, substantial competent evidence supported the district court's finding that Osburn's performance as counsel was not constitutionally deficient. Likewise, substantial competent evidence supported the district court's finding that Taylor was not prejudiced by any alleged deficiencies in Osburn's performance. As a result, the district court properly found from the evidence that Taylor's constitutional right to counsel was not

violated in the manner that plea negotiations were handled before and during Taylor's trial. Thus, the district court did not err in denying Taylor's K.S.A. 60-1507 motion.

Affirmed.